# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TAMRA OLSEN-IVIE, SAMANTHA OLSEN, and DAVID OLSEN,<br><br>Plaintiffs,<br><br>v.<br><br>K-MART, and SEARS HOLDING COMPANY, and DOES 1-4,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:17-cv-00255-DB-PMW<br><br>District Judge Dee Benson<br><br>Chief Magistrate Judge Paul M. Warner |

District Judge Dee Benson referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Defendants' Short Form Discovery Motion Re: 30(b)(6) Deposition (the "Motion").[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the Motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

Defendants Kmart and Sears Holding Company (collectively, "Defendants") move this court for a protective order limiting the scope of Kmart's 30(b)(6) deposition. Defendants argue that the topics set forth in the Plaintiffs' Notice of Rule 30(b)(6) Deposition of Defendant Kmart

---

[1] *See* docket no. 27.

[2] *See* docket no. 24.

(the "Deposition Notice") indicate that Plaintiffs Tamara Olsen-Ivie, Samantha Olsen, and David Olsen (collectively "Plaintiffs") intend to go beyond the scope of permissible discovery by (1) using the deposition to elicit legal analysis of claims and defenses, (2) seeking expert testimony outside the scop of Kmart's knowledge, and (3) pursuing disproportionate discovery with vague and overbroad topics.

The general scope of discovery is governed by rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides that "[p]arties may discover any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Parties may depose an organization "about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). "The district court has broad discretion over the control of discovery, and [the Tenth Circuit] will not set aside discovery rulings absent an abuse of that discretion." *Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) (quotations and citations omitted).

The court agrees with Defendants that answering questions on topics identified in paragraphs 4, and 7 through 10 of the Deposition Notice would require legal analysis of the claims and defenses in this case. The court also agrees that answering questions on topics identified in paragraphs 5, and 7 through 10 would require expert testimony outside the scope of Kmart's knowledge.

However, the court finds that the topics set forth in paragraphs 2 and 3 of the Deposition Notice do not call for expert testimony. The customary procedure for dispensing medicines and Kmart's own systems, policies, and procedures is information known or reasonably available to

Kmart. The court need not limit questions on these topics to Kmart's factual understanding as requested by the Motion, because these topics seek only factual information.

For the foregoing reasons, the Motion is hereby GRANTED IN PART and DENIED IN PART. The court hereby ORDERS:

1. Plaintiffs shall not ask questions during the deposition intended to elicit Kmart's legal opinion or analysis of claims or defenses, including but not limited to questions about its position on negligence, causation, independent intervening causes, assumption of risk, or mitigation of damages; and

2. Plaintiffs shall not seek expert testimony outside the scope of Kmart's knowledge, which includes questions about the effects of hydromorphone, and medical causation.

IT IS SO ORDERED.

DATED this 12th day of February, 2018.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge