IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TAMRA OLSEN-IVIE; SAMANTHA OLSEN; AND DAVID OLSEN,<br><br>Plaintiffs,<br><br>v.<br><br>K-MART; SEARS HOLDING COMPANY; Does 1-4,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:17-cv-255-DB**<br>**Judge Dee Benson** |

Before the Court is the defendants' motion for partial summary judgment seeking a ruling from the Court that the plaintiffs are limited by the Utah Medical Malpractice Act ("the Act") from pursuing a combined total of noneconomic damages in excess of $450,000. [Dkt. 17]. The motion has been fully briefed and the Court heard oral argument on February 6, 2018. At the hearing, the Plaintiffs were represented by Leonard McGee and Peter Mifflin. The defendants were represented by Rodney Parker and Nathan Skeen. Based on the parties' written and oral arguments and on the relevant facts and the law, the Court enters the following Memorandum Decision and Order.

1

**BACKGROUND**

The plaintiffs, Tamra Olsen-Ivie and her two adult children, Samantha and David Olsen, brought this action for damages incurred when Ms. Olsen-Ivie was allegedly dispensed the wrong medication by a K-Mart pharmacist in January 2015. The Complaint asserts that in July, 2015 Ms. Olsen-Ivie began suffering from back pain as a result of a slip and fall at a Costco store in Salt Lake County. She was treated at St. Mark's Hospital, where her physician prescribed flexeril to alleviate her pain. On January 8, 2015, Ms. Olsen-Ivie had the prescription filled at a K-Mart pharmacy. The pharmacist gave Ms. Olsen-Ivie a prescription bottle containing medication. Ms. Olsen-Ivie took the pills as noted on the bottle. The bottle, however, did not contain flexeril as prescribed, but rather dilaudid, a different medication. As a result of taking dilaudid, Ms. Olsen-Ivie allegedly suffered severe injuries, including an injury to her brain.

Before filing this action, the plaintiffs obtained a certificate of compliance from the Utah Division of Occupational and Professional Licensing indicating compliance with the pre-litigation requirements of the Utah Medical Malpractice Act ("the Act"). Dkt. 17 Ex. B. In March, 2017, the plaintiffs filed their Complaint in Utah state court. Dkt. 2-1. The action was removed to this Court on April 5, 2017. Id.

The Complaint asserts two causes of action. The first is brought by Ms. Olsen-Ivie alleging that the defendants breached the required standard of care in dispensing her medication. As a result of their negligence, she suffered general and special damages in an amount to be determined at trial. Dkt. 2-1. The second is brought by Samantha and David Olsen, Ms. Olson-Ivie's adult children, alleging loss of consortium due to the injuries sustained by their mother in

an amount to be determined at trial. Id.

In response to an interrogatory by the defendants directed at the amount of damages claimed to have been suffered as a result of this incident, the plaintiffs incorporated by reference a prior comprehensive demand for settlement which states that the plaintiffs intend to seek in excess of five million dollars in noneconomic damages. Dkt. 17 Ex. D, E. The plaintiffs do not dispute this. The defendants move the Court for summary judgment on the issue that the plaintiffs' claims fall within the Act and the plaintiffs therefore may not recover an award of noneconomic damages in excess of the Act's limit of $450,000.

The plaintiffs oppose the defendants' motion to the extent it calls for a limit on the combined potential recovery of all of the plaintiffs' noneconomic damages at $450,000. They argue that the adult children's loss of consortium claims are based on common law and not subject to the Act's limitation on noneconomic damages.

## DISCUSSION

Summary judgment is appropriate if the movant "shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

<u>1. The Utah Health Care Malpractice Act Applies to this Case.</u>

The Malpractice Act provides:

> [I]n a malpractice action against a health care provider, an injured plaintiff may recover noneconomic losses to compensate for pain, suffering, and inconvenience. The amount of damages awarded for noneconomic loss may not exceed . . . $450,000.

Utah Code §78B-3-410.

"Malpractice against a health care provider" is defined as "any action against a health care provider, whether in contract, tort, breach of warranty, wrongful death, or otherwise, based on alleged personal injuries relating to or arising out of health care rendered or which should have been rendered by a health care provider." Utah Code §78B-3-403(17). The term "health care provider" is defined as "any person, partnership, association, corporation, or other facility or institution who causes to be rendered or who renders health care or professional services such as a . . . . pharmacist." Utah Code §78B-3-403(12).

The Act expressly applies to actions in tort for personal injuries arising out of services rendered by a pharmacist. *See* Utah Code § 78B-3-403. The plaintiffs' causes of action clearly fall under the Act. The Complaint cites the Act as the basis of jurisdiction and asserts that all prerequisites to bringing suit under the Act have been met. Complaint at ¶¶ 6, 7. The Court finds that the Act applies to this action.

2. Loss of Consortium

The plaintiffs contend that Samantha and David Olsen's loss of consortium claim is based on common law and not subject to the Act's limitation on noneconomic damages. Utah, however, has not recognized a cause of action for loss of consortium brought by an adult child for injuries sustained by a parent.

Utah's loss of consortium statute provides for recovery of damages by one whose spouse is injured by a third party. Utah Code §30-2-11. The statute limits recovery to spouses. It provides that an action for loss of consortium "shall be derivative from the cause of action existing in

behalf of the injured person; and may not exist in cases where the injured person would not have a cause of action." 30-2-11(5). It requires that the cause of action be brought "at the time the claim of the injured person is made and joinder of actions shall be compulsory." Utah Code § 30-2-11(4). The loss of consortium claim is "subject to the same defenses, limitation, immunities, and provisions applicable to the claims of the injured person." *Id*. It also requires comparative fault be assessed and that "damages awarded combined with any award to the injured person for general damages, may not exceed any applicable statutory limit on noneconomic damages . . ." 30-2-11 (6) & (7).

Faced with an issue of first impression, the Utah Supreme Court judicially adopted a cause of action allowing parents of a tortiously injured minor child to recover for loss of the child's consortium in cases where the injury meets the definition set forth in Utah Code § 30-2-11, the spousal consortium statute. See *Benda v. Roman Catholic Bishop of Salt Lake City*, 384 P.3d 207 (Utah 2016). In *Benda*, the plaintiffs' fourteen-year-old son was injured while working as part of a student stage crew on the set of his school's drama production. He had climbed into a lift to replace light bulbs in the auditorium. While standing in the lift 30 feet in the air, other students attempted to assist him by pushing the lift from one light to the next. In the course of doing so, the lift toppled over and the student suffered a traumatic brain injury from being thrown out of the lift and onto the ground. His parents filed a lawsuit asserting negligence, vicarious liability and also a personal claim for loss of filial consortium. They sought damages for loss of consortium, companionship, services, comfort, society, and attention.

In adopting this cause of action, the Court drew distinctions between claims for loss of

consortium involving injuries to minor children and those involving injuries to adult children. The court distinguished its earlier ruling in *Boucher v. Dixie Medical Center*, in which it declined to recognize a cause of action for loss of consortium brought by parents of an 18-year old who was tortiously injured. See *Boucher v. Dixie Med. Ctr.*, 850 P.2d 1179 (Utah 1992).

In *Boucher*, the plaintiffs' eighteen-year-old son was admitted to Dixie Medical Center with a severely injured right hand. He underwent surgery and lapsed into a coma during the post-operative recovery period. He remained in a coma for ten days before awakening as a quadriplegic with severe brain damage in need of extensive care for the remainder of his life. His parents sought damages for negligent infliction of emotional distress and for loss of filial consortium. The Utah Supreme Court upheld the trial court's dismissal of the loss of consortium claim declining to recognize a cause of action for loss of filial consortium as a result of an adult child's injuries. In *Benda,* the court reinterated that "[u]nder our current case law, there is no right for parents to recover for loss of consortium due to tortious injury to their adult child." *Benda*, 384 P.3d at 207 (*citing Boucher*, 850 P.2d at 1179).

Unlike *Benda* or *Boucher* wherein it was the parents of injured children asserting loss of consortium claims, in this case, it is the adult children of an injured parent who attempt to bring the claim. The issue of whether an adult child can bring an alleged loss of consortium claim for injuries to his or her parent has not been addressed by the Utah courts or by the Utah legislature. As discussed above, the Utah loss of consortium statute sets forth the rights and limitations of the cause of action brought by the spouse of a tortiously injured spouse. Utah courts have been reluctant to expand the cause of action beyond the statute's parameters and recently, when the

6

Utah Supreme Court, in *Benda*, ruled that a loss of consortium cause of action may be brought by parents for injuries to their minor child, it specifically declined to extend the cause of action further, distinguishing *Boucher*. There is no recognized cause of action in Utah for loss of paternal consortium. Accordingly, the plaintiffs' claims alleging loss of paternal consortium are hereby dismissed.

### 3. Per-Plaintiff or Combined Recovery

The plaintiffs further contend the Act's cap would only apply to Ms. Olsen-Ivie's claim for "pain, suffering and inconvenience" and would not affect the adult children's abilities to recover for noneconomic losses. Even if Utah law recognized a loss of paternal consortium cause of action brought by adult children, it would be derivative of Ms. Olsen-Ivie's claim. Section 30-2-11(5)(a), which sets forth Utah's loss of spousal consortium law, states that an "action for loss of consortium shall be derivative from the cause of action existing in behalf of the injured person." *See Benda*, 384 P.3d 207 (clarifying that the new claim by parents for injuries to a minor child would also be "derivative from the cause of action existing in behalf of the injured person.") (quoting Utah Code § 30-2-11). Even if David and Samantha Olsen possessed a loss of paternal consortium claim, it would be derivative of their mother's claim.

Additionally, Utah Code §30-2-11(7) specifically limits damages that may be awarded, citing specifically to the statutory cap at issue in this action, § 78B-3-410. "Damages awarded for loss of consortium, when combined with any award to the injured person for general damages, may not exceed any applicable statutory limit on noneconomic damages, including § 78B-3-410 [the Malpractice Act]."

The plaintiffs' assertion that Samantha and David Olsen may pursue common law claims for unlimited noneconomic damages in this case finds no support in Utah law. Furthermore, even if they had a recognizable loss of consortium claim, the Act's statutory constraint on the total amount of damages would apply to bar combined noneconomic damages in excess of $450,000.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Partial Summary Judgment on Noneconomic Damages is hereby GRANTED.

IT IS SO ORDERED.

DATED this 1st day of June, 2018.

_____
Dee Benson
United States District Judge